IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIA PAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-03985 |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., and CORELOGIC | ) | Electronically Filed |
| CREDCO, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

FILED
MAY 18 2015
...E. KUNZ, Clerk
_____Dep. Clerk

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff Julia Page and Defendants Experian Information Solutions, Inc., and Corelogic Credco, LLC, through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the Defendants and/or personal income, credit and other confidential information of Plaintiff.

WHEREAS, Defendants have previously and consistently maintained that certain of its documents, whose production Plaintiff has requested in this matter, contain unique, confidential codes which represent trade secrets or other proprietary information, which Defendants have created after considerable investment in research and development, and which could be used not only to thwart the measures in place to detect identity theft, but also to "reverse engineer" Defendants' confidential and proprietary computerized credit-reporting systems;

WHEREAS, certain additional documents whose production Plaintiff has requested in

this matter contain Plaintiff's social security number, addresses, telephone numbers, and other identifying information, which likewise could be used to commit identity theft;

WHEREAS, good cause therefore exists to protect the Plaintiff's identifying information, as well as the above-mentioned trade secret and proprietary information, from public disclosure; and

WHEREAS, the parties to this case do not object to the protective measures requested below and further submit that the production of these documents may assist in negotiating an amicable settlement;

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. If a Producing Party believes in good faith that, despite the provisions of this Order, there is a substantial risk of identifiable harm if particular documents it designates as "Confidential" are disclosed to all other Parties or non-parties to this action, the Producing Party may designate those Particular documents as "Confidential—Attorneys' Eyes Only."

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court, or in an arbitration proceeding, incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys Eyes Only" and shall file them

with the clerk under seal, in compliance with Local Civil Rule 5.1.5; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys

Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) Experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information. Insofar as Experian's Administrative Handbook is designated pursuant to this provision, this paragraph does not prevent Plaintiff's counsel from discussing with Plaintiff: 1) the existence of Experian's Administrative Handbook, or 2) Plaintiff's counsel's interpretation of Experian's Administrative Report for Plaintiff produced in this case based on Plaintiff counsel's review of the Administrative Handbook. However, Plaintiff shall not be provided with copies of Experian's Administrative Handbook, or otherwise provided with its written text or specific descriptions of its contents without the prior written consent of Experian or court order.

8. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) or 7(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

9. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" or "Confidential—Attorneys' Eyes Only" and thereby obtain the protections accorded other confidential information. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed,

depositions shall be treated as confidential during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

10. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

11. Any party who inadvertently fails to identify documents as "Confidential" or "Confidential—Attorneys' Eyes Only" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated information. Any party receiving such improperly-designated information shall retrieve such information from persons not entitled to receive that information and, upon receipt of the substitute information, shall return or destroy the improperly-designated information.

12. Nothing in this Order shall prevent a party from using at deposition, arbitration or trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only" provided the designated documents do not become part of the public record, unless so ordered by the Court.

13. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential" or "Confidential-

Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

14. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be either destroyed or returned to the individual or entity having produced or furnished same.

15. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Order.

17. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

18. The obligations imposed by this Order shall survive the termination of this action.

19. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: May 15, 2015

Respectfully submitted,

*/s/ Jason Andrew Spak*

Jason Andrew Spak
Picadio Sneath Miller & North PC
444 Liberty Avenue, Suite 1105
Pittsburgh, PA 15222
Phone: (412) 288-4000
Fax: (412) 288-2405
jspak@psmn.com

*Attorney for Defendant*
*Corelogic Credco, Inc.*

*/s/ Michael A. Magee*

Michael A. Magee
Jones Day
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Phone: (412) 391-3939
Fax: (412) 394-7959
mmagee@jonesday.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

*/s/ Gregory Gorski*

Gregory Gorski
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Ph: (215) 735-8600
ggorski@consumerlawfirm.com

*Attorney for Plaintiff Julia Page*

IT IS SO ORDERED.

Dated: 5/18, 2015

The Hon. William H. Yohn, Jr.

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 2015.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this Action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 2015 at _____.

_____
QUALIFIED PERSON